FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUANFANG GU,<br><br>        Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>        Respondent. | No. 13-72067<br><br>Agency No. A045-901-702<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 13, 2016[*]
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit
Judges.

Yuanfang Gu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for waiver of the

joint-filing requirement to remove the conditional basis of her lawful permanent

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

resident status, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and we deny the petition for review.

Considering the record as a whole, substantial evidence supports the agency's adverse credibility determination as to Gu's waiver application. *See Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1148 (9th Cir. 2005).

Substantial evidence also supports the agency's conclusion that she was not entitled to asylum, withholding of removal or CAT relief. She did not suffer past persecution, so she is not entitled to the presumption of future persecution. 8 C.F.R. § 1208.13(b)(1). The only testimony she offered as to future persecution based on her I-Kuan Tao affiliations was that authorities visited her father and left a summons for her. The authorities did not otherwise threaten her or her family in any way. Other than one follow up visit, the record is devoid of any evidence that the Chinese authorities have shown any interest or concern in Gu's activities since 2008.

Accordingly, the IJ's determination that Gu did not establish a well-founded fear or persecution is supported by substantial evidence. Moreover, because Gu

failed to carry her burden for asylum, the record does not compel the conclusion that Gu meets the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000). For the same reasons, substantial evidence supported the agency's decision to deny CAT relief because it was not "more likely than not" that she would be tortured if removed. 8 C.F.R. § 1208.16(c)(2).

**PETITION FOR REVIEW DENIED.**